IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Juan Bermea-Cepeda, ) | Case No. 8:11-cv-03170-JMC-JDA |
| )  Petitioner, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Warden Atkinson, ) | |
| )  Respondent. ) | |
| _____) | |

This matter is before the Court on Respondent's motion to dismiss or, alternatively, for summary judgment. [Doc. 33.] Petitioner, proceeding pro se, is a federal prisoner seeking relief under 28 U.S.C. § 2241. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on November 15, 2011.[1] [Doc. 1.] On November 21, 2012, Respondent filed a motion for summary judgment. [Doc. 33.] Also on November 21, 2012, the Court issued an Order in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary judgment/dismissal procedure and of the possible consequences if he failed to adequately respond to the motion. [Doc. 34.] Petitioner filed a response in opposition on December 20, 2012. [Doc. 36.]

---

[1] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). In this case, construing the filing date in the light most favorable to Petitioner, this action was filed on November 15, 2011. [Doc. 1-2 (envelope stamped by correctional institution on November 15, 2011).]

Having carefully considered the parties' submissions and the record in this case, the Court recommends Respondent's motion for summary judgment be granted and the Petition be denied.

## BACKGROUND

Petitioner is incarcerated at the Federal Correctional Institution located in Edgefield, South Carolina ("FCI Edgefield"), where he was incarcerated at all times relevant to the Petition. [Doc. 1 at 2.] Petitioner alleges he was charged with possessing a dangerous weapon after the operation lieutenant received a note from a confidential informant stating there was a weapon that might be concealed in a chair in Petitioner's cell and ordered a shakedown of Petitioner's cell. [*Id.* at 3–4, 6.] After appearing before the unit discipline committee ("UDC") and receiving a disciplinary hearing, Petitioner was found guilty of the charge and received the following sanctions: (1) loss of 27 days of good conduct time; (2) 30 days of disciplinary segregation; and (3) loss of commissary privileges for one year. [*Id.* at 4.] Petitioner alleges he was denied a fair and impartial hearing because the disciplinary hearing officer ("DHO") used false information and unsupported facts and there is no information regarding the reliability of the confidential informant who provided the note. [*Id.* at 4–5.] Petitioner also alleges that, without explanation, his requested witnesses were not called and his original staff representative was not present at the hearing. [*Id.* at 5, 6.] Further, Petitioner alleges he was denied a copy of an email Counselor McCasline[2] sent to the hearing officer about an informant and other information

---

[2]Petitioner's counselor, Nathan McCasline ("McCasline"), served as Petitioner's staff representative instead of Petitioner's requested representative, Dudley Elder ("Elder"). [Doc. 33-5 ¶ 13; *see* Doc. 1 at 5–6; Doc. 33-3.]

2

concerning Petitioner's case. [*Id.* at 5.] In summary, Petitioner lists the following due process violations associated with his disciplinary conviction, quoted substantially verbatim:

> 1.) Fair and impartial hearing
>
> 2.) Failure to call witnesses
>
> 3.) Failure to provide statements and findings of facts by the staff representative
>
> 4.) No factual basis for findings of guilt
>
> 5.) Failure to establish the reliability of the alleged informant[.]

[*Id.* at 6–7.] Plaintiff seeks an evidentiary hearing, that the disciplinary report be expunged from his record, and restoration of his good conduct time. [*Id.* at 7.]

## APPLICABLE LAW

### Liberal Construction of Pro Se Petition

Petitioner brought this action *pro se*, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se petition is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d

411, 417–18 (7th Cir. 1993).  Nor should a court "conjure up questions never squarely presented."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Motion to Dismiss and Motion for Summary Judgment Standards**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief.  Fed. R. Civ. P. 12(b)(6).  When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff."  *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).  If on a motion pursuant to Rule 12(b)(6), matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment under Rule 56.  *See* Fed. R. Civ. P. 12(d).

Rule 56 states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a).  A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  *Id.* at 257.  When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

Because Respondent, in the motion to dismiss or for summary judgment, presented to the Court matters outside the pleadings, which the Court did not exclude, Respondent's motion to dismiss for failure to state a claim shall be treated as one for summary judgment.

**Habeas Corpus**

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The primary means of attacking the validity of a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255, while a petition for habeas corpus under § 2241 is the proper method to challenge the computation or execution of a federal sentence. *See United States v. Little*, 392 F.3d 671, 678–79 (4th Cir. 2004); *United States v. Miller*, 871 F.2d 488, 489–90 (4th Cir. 1989) (distinguishing between attacks on the "computation and execution of the sentence [and] the sentence itself"). A petition pursuant to § 2241 challenging the execution of a federal prisoner's sentence generally addresses "such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001) (citing *Chambers v. United States*, 106 F.3d 472, 474–75 (2d Cir. 1997)).

## **DISCUSSION**[3]

As stated, Petitioner contends he was denied due process at his disciplinary hearing because (1) the hearing was not fair and impartial; (2) he was not able to call his requested witnesses; (3) he was not provided the statements and findings of fact made by his staff representative; (4) there was no factual basis for a finding of guilty; and (5) the DHO failed to establish the reliability of the alleged informant. [Doc. 1 at 6–7; Doc. 36.] Respondent argues Petitioner was afforded all process he was due, including (1) notice of the charges more than 24 hours before the DHO hearing; (2) the opportunity to present evidence in the form of documents or witnesses, which Petitioner took advantage of by presenting a written statement from an inmate who had been released prior to the hearing; (3) the opportunity to have the assistance of a staff representative, which Petitioner took advantage of; and (4) a written report of the DHO's decision, including a statement of the evidence he relied on and the reasons for the imposed sanctions. [Doc. 33 at 4–5, 6.] The Court agrees with Respondent that Petitioner was afforded all process he was due.

---

[3] Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, courts consistently require prisoners to exhaust their administrative remedies prior to seeking habeas review under § 2241. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490–91 (1973) (requiring exhaustion in a § 2241 matter); *Timms v. Johns*, 627 F.3d 525 (4th Cir. 2010) (noting courts require "exhaustion of alternative remedies before a prisoner can seek federal habeas relief" (internal quotation marks omitted)). Exhaustion allows prison officials to develop a factual record and "an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones v. Bock*, 549 U.S. 199, 204 (2007). Any arguments not advanced at each step of the administrative appeal are procedurally defaulted. *See Moffat v. Broyles*, 288 F.3d 978, 981–82 (7th Cir. 2002). Moreover, if a prisoner cannot obtain an administrative remedy because of his failure to timely appeal at the administrative level, then the prisoner has procedurally defaulted his § 2241 claim, *see Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3rd Cir. 1996), *cited with approval in Watkins v. Compton*, 126 F. App'x 621, 622 (4th Cir. 2005); *Nigro v. Sullivan*, 40 F.3d 990, 997 (9th Cir. 1994), unless the prisoner can demonstrate cause and prejudice for the failure, *Moscato*, 98 F.3d at 761. Here, Respondent acknowledges Petitioner exhausted the claims advanced in the Petition. [Doc. 33 at 3.]

7

### *Petitioner's Disciplinary Action*

According to the incident report, at approximately 6:30 a.m. on November 18, 2010, a sharpened metal rod about 6.5 inches long was found in Petitioner's cell, taped under a chair. [Doc. 33-2 at 1.] Petitioner was charged with Code 104—possession, manufacture, or introduction of a weapon, dangerous chemical, explosive or any ammunition. [*Id.*] The incident report was delivered to Petitioner at 1:05 p.m. on the same day. [*Id.*]

Before the UDC on November 19, 2010, Petitioner stated it was not his weapon and that he believed a "drop note" was sent and he was set up. [*Id.*; *see also id.* at 3 (making same statements to investigating officer).] Petitioner also stated that he had turned in a note before he was picked up, which another inmate had given him and that said there was a weapon. [*Id.* at 1; *see also id.* at 3 (making same statements to investigating officer).] The UDC referred the charge to the DHO for further hearing. [*Id.* at 1.] Also on November 19, 2010, Petitioner received notice of the DHO hearing and of his rights at the hearing, and he requested a staff representative and indicated he wished to call as a witness the inmate who had given Petitioner the note. [Docs. 33-3, 33-4.]

The DHO conducted a hearing on January 12, 2011. [Doc. 33-5 ¶ 10 (averring hearing was held on January 12, 2011, not November 12, 2011 as listed on the report); Doc. 33-6 (DHO's report).] Petitioner was present, and the DHO advised Petitioner of his rights. [Doc. 33-5 ¶ 10; Doc. 33-6 at 1.] Petitioner appeared with a staff representative,

McCasline.[4]  [*Id.* ¶ 13; Doc. 33-6 at 1.]  Petitioner requested one witness, who was no longer incarcerated; the DHO considered a written statement by the requested witness. [Doc. 33-5 ¶ 12; Doc. 33-6 at 2; Doc. 33-7.]  Petitioner asserted to the DHO that someone had planted the weapon.  [Doc. 33-5 ¶ 11; Doc. 33-6 at 1.]

In reaching his decision, the DHO considered the following evidence: the reporting officer's statement that she found a metal rod sharpened to a point taped under a chair in Petitioner's cell; Petitioner's statements at the UDC and DHO hearings; a photograph of the weapon; the email exchange between McCasline and Elder; and the written statement of Petitioner's requested witness.  [Doc. 33-5 ¶ 14; Doc. 33-6 at 2.]  Upon consideration of the evidence, the DHO determined Petitioner had committed the charged offense.  [Doc. 33-5 ¶ 14; Doc. 33-6 at 2–3.]  The DHO imposed the following sanctions: (1) disallowance of 27 days of Good Conduct Time; (2) disciplinary segregation for 30 days, suspended for 180 days; and (3) loss of commissary privileges for one year.  [Doc. 33-5 ¶ 15; Doc. 33-6 at 3.]

### *Analysis*

Certain procedural safeguards apply when loss of statutory good time credit is at issue.  *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974).  In *Wolff*, the Supreme Court set out the requirements for due process in prison disciplinary hearings:

1. Giving the prisoner written notice of the charges at least 24 hours before he appears for his disciplinary hearing;

---

[4]McCasline served as Petitioner's staff representative because Petitioner's requested staff representative, Elder, was not available. [Doc. 33-5 ¶ 13.] However, the DHO considered an email exchange between McCasline and Elder that confirmed Petitioner had given Elder a note concerning the weapon and had told Elder the weapon had been planted in Petitioner's cell.  [Doc. 33-5 ¶ 13; Doc. 33-6 at 2; Doc. 33-9.]

2. Providing the prisoner a written statement by the fact finder(s) as to the evidence relied on and reasons for the disciplinary action;

3. Allowing the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so will not be an undue hazard to institutional safety or correctional goals;

4. Permitting the prisoner the aid of a fellow prisoner, or if that is forbidden, aid from staff or a competent inmate designated by staff, if the prisoner is illiterate or the complexity of the issue makes it unlikely that the prisoner will be able to collect and present the evidence necessary for an adequate comprehension of the case; and

5. Providing impartial fact finders.

*Id.* at 563–76. Additionally, DHO findings revoking a prisoner's good time credit must be supported by "some evidence in the record." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454–56 (1985). In *Hill*, the Supreme Court declined to adopt a more stringent evidentiary standard as a constitutional requirement, stating:

> Prison disciplinary proceedings take place in a highly charged atmosphere, and prison administrators must often act swiftly on the basis of evidence that might be insufficient in less exigent circumstances. The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact.

*Id.* at 456. The "some evidence" standard is a lenient one, requiring no more than "a modicum of evidence," and is met if there is any evidence in the record that could support the decision. *Id.* at 455–56; *see also Baker v. Lyles*, 904 F.2d 925, 932 (4th Cir. 1990) ("Nor does [requiring some evidentiary basis to revoke good time credits] imply that a disciplinary board's factual findings or decisions with respect to appropriate punishment are subject to second-guessing upon review."). This standard requires "only that the decision

not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). As the Court noted in *Hill*:

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

472 U.S. at 455–56.

A review of the record reveals the due process requirements stated in *Wolff* were observed in this case. Petitioner was provided with written notice of the charges more than 24 hours before a hearing on the charges [Doc. 33-3; *see also* Doc. 33-2 (indicating Petitioner was advised of the charges on the same day the incident occurred)] and was provided a copy of the DHO report that includes information about the evidence the DHO relied on and the reasons for the disciplinary action [Doc. 33-6]. Before the hearing, Petitioner was advised in writing of his right to call witnesses, to present documentary evidence, and to have a staff representative at the hearing; Petitioner signed the form to indicate he had been advised of his rights. [Doc. 33-3.] At the DHO hearing, Petitioner appeared with a staff representative and provided a written statement by his only requested witness. [Doc. 33-6 at 1–2.]

As to the fifth requirement stated in *Wolff*, although Petitioner alleges he was denied a fair and impartial hearing, in part because "the DHO officer use[d] false information, and unsupported facts, coupled with the fact there exist[s] no information as to the reliability of the informant who was responsible for writing the note" [Doc. 1 at 4–5], Petitioner's conclusory allegations alone are insufficient to preclude granting summary judgment to

11

Respondent. *See Ross*, 759 F.2d at 365. Petitioner has failed to provide any evidence that the DHO was not impartial. Rather, the record establishes the DHO conducted a hearing and examined the record, including the evidence put forth by Petitioner. [Doc. 33-5 ¶ 14, Doc. 33-6 at 1–2 (indicating the DHO considered the reporting officer's statement, Petitioner's statements, a photograph of the weapon, an email exchange between McCasline and Elder, and the written statement of Petitioner's requested witness).] Further, under the "some evidence" standard, the reliability of a confidential informant's statement need not be established if there is other evidence to support the DHO's decision. *See Baker v. Lyles*, 904 F.2d 925, 933 (4th Cir. 1990). Accordingly, Petitioner was afforded all due process required under *Wolff*.

As previously stated, judicial review of prison disciplinary actions is limited solely to a determination of whether there is *some evidence* in the record to support the DHO's decision. *See Hill*, 472 U.S. at 454–56. Here, there is some evidence in the record to support the DHO's decision that Petitioner committed the offense of possession of a dangerous weapon; for example, the weapon was found in Petitioner's cell [Doc. 33-2 at 1]. Therefore, the evidentiary standard of *Hill* is satisfied in this case.

Finally, to the extent Petitioner alleges he is entitled to relief because he is actually innocent, a claim of actual innocence is not a basis for federal habeas corpus relief. *See Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000). "The due process clause does not require later consideration of evidence that could have been but was not presented during a prison disciplinary proceeding." *Jones v. McCaughtry*, 6 F. App'x 371, 372–73 (7th Cir. 2001) (citing *McPherson*, 188 F.3d at 786–87). Instead, courts look only to whether a

prisoner received the procedural protections due under the Constitution, and "subsequent tender of additional evidence is irrelevant to [the] due process determination." *Id.* at 373 (citing *McPherson*, 188 F.3d at 787). As previously stated, Petitioner was afforded the due process required under *Wolff*, and some evidence supports the DHO's decision; accordingly, Respondent's motion for summary judgment should be granted, and the Petition should be denied.

## **RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion to dismiss or, alternatively, for summary judgment be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin<br>United States Magistrate Judge

May 22, 2013
Greenville, South Carolina